Nicholson, C. J.,
delivered the opinion of the Court.
In February or March, 1863, complainant sold to defendant, Steakly, a tract of land in Van Burén county, at the price of $3,000. Sixteen hundred dollars were paid in Confederate Treasury notes, four hundred dollars in a post-office draft of the Confederate Government, and a note of one thousand dollars on defendant, Goff, which was given for land sold by defendant, Steakly, to defendant, Goff. This note was payable in current notes of South Carolina and Georgia banks, and was transferred to complainant, in payment for the land, without indorsement. Complainant, at the time of the sale, executed to defendant, Steakly, a bond for title, and in July, 1863, he executed to him a deed in fee simple.
Upon failing to collect the post-office draft, or the note for one thousand dollars, complainant, in August,. 1865, filed his bill against defendants, to enforce his *158 vendor’s lien against the land sold by Steakly to defendant, Golf, for the satisfaction of the note for $1,000, and against the land sold by complainant to defendant, Steakly, for the satisfaction of the post-office check for $400, and any residue of the note for $1,000 that might not be made out of’ the land sold by Steakly to Goff.
Upon the view which we take of the law, arising upon the foregoing statement of the facts, we pass over without comment the action of the court below as to the demurrer filed, as well as the testimony in regard to the terms on which the post-office check was received as payment. It is only necessary to remark that complainant realized nothing from the check, and that it proved to be of no value. We may further remark, that whilst there is some conflict in the testimony as to whether complainant received, and defendant, Steakly, paid, the note of $1,000, with the understanding of both that complainant was to have a lien on both tracts of land, there is none as to the fact that complainant made no express waiver of his vendor’s lien.
^ It is too well settled to require the citation of authorities, that whenever land is sold on time, or when the price is not paid down, the vendor has an implied lien for the purchase money, whether the legal title is conveyed or not, unless he expressly waives his lien, or does so by implication, in taking other security for the unpaid purchase money. » In the case before us, complainant received the post-office check and the note of $1,000, not by way of security, but in payment of the residue of the purchase money. The taking of the note and check being only a mode of payment, was no waiver, *159 either express or implied, of his lien. Marshall v. Christmas, 3 Hum., 616; 1 Sch. & Lef., 132.[1] It follows that complainant had a lien on the land sold to defendant, Steakly, for the amount of the post-office check and the thousand dollar note, which he could enforce upon his failure to receive payment thereof. He also had a lien for the satisfaction of the thousand dollar note, out of the land sold by Steakly to Goff, the legal title to said land not having been conveyed to Goff. Nor is the lien of complainant lost or affected by his conveyance in July, 1863, of the legal title to defendant, Steakly, of the land sold to him by complainant. Nothing was then said or done indicating a waiver • of his lien; nor does the recital in the deed, that the purchase money was paid, amount to a waiver, as the fact is made to appear that the purchase still remains due.
Complainant, therefore, has a right to have both tracts of land subjected to sale for the residue of the purchase money; the proceeds of the sale of the tract sold by Steakly to Goff applied to the satisfaction of the note for $1,000, and the proceeds of the other tract to the satisfaction of the $400 in the check, and any residue on the note for $1,000, not made out of the other tract.
But before any decree can be made for the sale of the two tracts of land, it wiil be necessary to ascertain the value of the post-office cheek, treated as Confederate money, at the time the same was paid to complainant, and also the value of the note for $1,000, payable in *160 current bank notes on tlie State of South Carolina, and .the State of Georgia or its branches, at the time said note was payable. ,
The decree below will be reversed, so far as it conflicts with this opinion; and the cause remanded to be proceeded in as herein indicated. The costs of this Court will be paid by defendant, Steakly.

 See Carter v. Sims, post, 166; Hines v. Perkins, post—.